UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAMIEKA PIERRE | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1043 |
| WELLPATH, LLC, ET AL. | * | SECTION "L" (2) |

## REPORT AND RECOMMENDATION

This matter was automatically referred to the undersigned United States Magistrate Judge pursuant to Local Rule 73.2(C) and 28 U.S.C. § 636(b)(1)(B) and (C). A preliminary conference has not yet been scheduled as Plaintiff obtained an extension of time through November 26, 2021 within which to serve defendant Grillier. ECF No. 20. A preliminary conference will be scheduled once the period for service has expired or all defendants have appeared.

Plaintiff Shamieka Pierre filed this complaint against her employer Wellpath, LLC ("Wellpath") and its client Orleans Parish Sheriff Marlin Gusman and his deputy Paul Grillier asserting claims of sexual harassment and retaliation against the employer and negligence against all defendants. ECF No. 1, at 9-16. Defendant Wellpath, LLC filed a Partial Motion to Dismiss Pursuant to Rule 12(b)(6) seeking dismissal of plaintiff's negligence claim against it (Count 4) on the basis of the exclusivity provision of Louisiana's workers compensation provisions, La. Rev. Stat. § 23:1032. ECF Nos. 11; 11-1, at 3.

Based on the cited authority, Plaintiff filed a Response indicating she has no objection to the requested dismissal of her negligence claim only against her employer Wellpath. ECF No. 17. Accordingly, having considered the record, the argument of counsel, and the applicable law, and after finding that the motion has merit,

1

IT IS RECOMMENDED that Defendant Wellpath's Motion for Partial Dismissal be GRANTED and that Plaintiff's negligence claim against her employer as set forth in Count 4 of her Complaint be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

New Orleans, Louisiana, this 13th day of October, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).