UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAMIEKA PIERRE, § | |
| § | Case No. 2:21-cv-01043-EEF-DPC |
| Plaintiff, § | |
| § | Judge Eldon E. Fallon |
| v. § | Division L |
| § | |
| WELLPATH, LLC, *et al.*, § | Magistrate Judge Donna P. Currault |
| § | Division 2 |
| Defendants. § | |

**REPLY IN SUPPORT OF DEFENDANT
GUSMAN'S RULE 12(b)(6) MOTION TO DISMISS**

Defendant Sheriff Marlin N. Gusman ("Gusman"), individually, and in his official capacity as the Sheriff of the Parish of Orleans, through undersigned counsel, respectfully submits this reply memorandum in support of his motion to dismiss the claims against him in Plaintiff Shamieka Pierre's ("Plaintiff" or "Pierre") Complaint, Rec. Doc. 1. *See* Gusman's Motion to Dismiss, Rec. Doc. 21.

**I.   DISCUSSION**

    **A.   Plaintiff has not sought leave to file an amended complaint.**

Plaintiff's Opposition to Gusman's Motion to Dismiss is primarily premised on arguments from an amended complaint that Plaintiff has not yet sought leave from the Court to file. *See generally* Opposition, Rec. Doc. 27. However, courts have consistently held that a plaintiff cannot amend her complaint in a brief. *See, e.g.*, *Becnel v. St. Charles Parish Sheriff's Office*, Civil Action No. 15-1011, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) ("It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011)); and *Tilson v. DISA, Inc.*, Civil Action No. 17-240, 2019 WL 6878867, at *4 (M.D. La. Dec. 17, 2019) ("A party

cannot amend its complaint in a subsequent brief, and an opposition cannot substantively expand or refine a party's claims presented in its original complaint.").

Accordingly, Plaintiff's Original Complaint, Rec. Doc. 1, is the operative complaint for determining whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As such, the Court should disregard Plaintiff's references in her Opposition to an Amended Complaint that has not been filed and should dismiss Sheriff Gusman from this suit for the reasons discussed herein and in his Motion to Dismiss.

> **B.     Because Plaintiff has alleged that she was employed by the OPSO, her claims are barred by the doctrine of workers' compensation exclusivity.**

As explained in detail in Sheriff Gusman's motion to dismiss, Rec. Doc. 21-1 at pp. 4-6, the Louisiana Workers' Compensation Act ("LWCA") grants an employer general immunity from tort liability where an employee alleges personal injury arising out of and in the course of his employment as the result of negligence. *Champagne v. Am. Alt. Ins. Corp.*, 12-1697 (La. 3/19/13), 112 So. 3d 179, 184; *see also* La. Rev. Stat. § 23:1032. Here, Plaintiff has alleged that she was employed by the Orleans Parish Sheriff's Office ("OPSO"), which must be taken as true for the purposes of a motion to dismiss. *See* Rec. Doc. 1 at ¶¶ 2, 15, 106.[1] As such, workers' compensation provides her only remedy for the alleged harms she sustained in the course of her employment. *See* La. Rev. Stat. § 23:1032. Under the operative (and only) complaint in this

---

[1] Plaintiff states the following in her Complaint regarding her employment:

"While employed with Wellpath, LLC and the Orleans Parish Sheriff's Office . . . ." Rec. Doc. 1 at ¶ 2.

"Ms. Pierre is a medical assistant employed by Defendants Wellpath, LLC and Sheriff Gusman." Rec. Doc. 1 at ¶ 15.

"Defendant OPSO Sheriff Gusman . . . had a duty to exercise reasonable care to protect its agents, employees and staff personnel, including Ms. Pierre." Rec. Doc. 1 at ¶ 106.

matter, Sheriff Gusman has sufficiently pleaded the affirmative defense of workers' compensation exclusivity, and all claims against him should be dismissed on this basis alone.

  **C.** **Plaintiff's negligent protection claim fails because the inmates' behavior was not reasonably foreseeable.**

Plaintiff's primary argument in support of her negligent failure to protect claim relies nearly entirely on facts that are outside of her Complaint and thus should be ignored.  Rather, under the operative complaint in this matter, Plaintiff has not alleged any facts to show that the Sheriff's office could have anticipated that inmates would masturbate around Plaintiff while she was drawing blood on the pod.  She failed to plead with specificity whether either Sheriff Gusman or Deputy Grillier had notice of whether any of the inmates had a propensity to engage in the conduct which resulted in the harm to Plaintiff *before* the assault.  As explained in Sheriff Gusman's Motion to Dismiss, absent any allegations that the inmates' behavior was reasonably foreseeable or anticipated *by Sheriff Gusman or his deputies*, Plaintiff has not established that the specific actions by the inmates fell within the scope of the duty of protection it owed to her.  Accordingly, this claim against Sheriff Gusman must be dismissed.

  **D.** **Sheriff Gusman is entitled to discretionary immunity regarding Plaintiff's claim against him for negligence by failure to train and supervise.**

Plaintiff makes two arguments for why Sheriff Gusman should not be entitled to discretionary immunity against Plaintiff's negligence by failing to train and supervise claim: (1) discretionary immunity does not apply at the operational level; and (2) because Sheriff Gusman violated mandatory policies.  As explained below, both arguments must fail.

Plaintiff's first argument is that discretionary immunity should not apply here because "this case involves negligence at the operational level," not at the policy making or ministerial level. Rec. Doc. 27 at 9.  However, Plaintiff provides no explanation in support of this argument, and nor can she.  How a chief law enforcement officer such as Sheriff Gusman trains and supervises

his deputies has frequently been treated as a ministerial—not operational—function, and Plaintiff cites no cases to the contrary. *See Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) (finding that the Chief of Police had immunity from negligent training and supervision claims arising out of an officer-involved shooting); *Skinner v. Ard*, Civil Action No. 19-66, 2020 WL 699740 (M.D. La. Feb. 11, 2020) (dismissing failure to train and supervise claims against a sheriff in lawsuit relating to an officer-involved shooting of a dog); and *Hoffpauir v. Columbia Cas. Co.*, Civil Action No. 12-403, 2013 WL 5934699 (M.D. La. Nov. 5, 2013) (dismissing negligent hiring, training, and supervision claims due to the sheriff's discretionary immunity).

Plaintiff's second argument also fails because no specific state law, regulation, or policy specifically prescribes how Sheriff Gusman must train and supervise his deputies. Plaintiff argues that La. Rev. Stat. § 15:5539(C) and the OPSO's contract with Wellpath mandates that the Sheriff has a duty to train and supervise his deputies. Rec. Doc. 27 at 9-10. This argument misses the mark; the question is not whether the Sheriff has such a duty, but whether he has *discretion* in how to carry out such a duty. As explained thoroughly in Sheriff Gusman's Motion to Dismiss, courts have regularly found that chief law enforcement officers do have discretion in how they train and supervise their law enforcement officers and that such decisions are grounded in policy considerations. *See Roberts*, 397 F.3d at 296 (stating that the Chief of Police "had a wide variety of options for training officers under his command," and that "no law, regulation, or policy of the State of Louisiana explicitly directed his course of action"); and *Hoffpauir*, 2013 WL 5934699 (stating that no Louisiana statute mandated a particular policy or procedure for hiring, training, supervising, or screening officers). Accordingly, this claim must be dismissed against Sheriff Gusman as a matter of law.

> E. **The *respondeat superior* claims against Sheriff Gusman must be dismissed in their entirety.**

Plaintiff asserts a *respondeat superior* claim against Sheriff Gusman for the torts allegedly committed by Deputy Grillier: (1) negligence by failing to protect; and (2) false imprisonment. Rec. Doc. 1 at ¶¶ 105-14, 118-27. Plaintiff has agreed to dismiss the *respondeat superior* claim against Sheriff Gusman related to false imprisonment. The negligence by failing to protect claim should also be dismissed for the reasons explained above and in Sheriff Gusman's Motion to Dismiss.

**II.   CONCLUSION**

For the reasons set forth herein and in his Motion to Dismiss, Rec. Doc. 21, Defendant Sheriff Gusman respectfully requests that this Court dismiss all the claims against him and dismiss him from this suit.

Respectfully submitted on this 2nd day of November 2021,

/s/ M. Rebecca Cooper
S. MARK KLYZA, T.A. (La. Bar No. 02028)
M. REBECCA COOPER (La. Bar No. 37080)
The Kullman Firm
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4114
smk@kullmanlaw.com
mrc@kullmanlaw.com

*Counsel for Defendant Sheriff Marlin N. Gusman*